UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-cv-12-RLV
(5:05-cr-257-RLV)

| | |
|---|---|
| **DERRICK RAYSHAWN PARKS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), on the Government's Response in Opposition to the Motion to Vacate and Motion to Amend/Correct, (Doc. No. 9), on the Government's Motion for Extension of Time to File its Response, (Doc. No. 8), and on Petitioner's Reply, (Doc. No. 10).

### I. BACKGROUND

Petitioner was indicted by the Grand Jury for the Western District of North Carolina on December 13, 2005, and charged with conspiracy to possess with intent to distribute fifty grams or more of crack cocaine and five kilograms or more of powder cocaine, in violation of 21 U.S.C. § 846. (Crim. No. 5:05-cr-257, Doc. No. 1: Indictment). On December 15, 2005, the Government filed a notice of intent to seek enhanced penalties, pursuant to 21 U.S.C. § 851, based on Petitioner's prior conviction for possession with intent to sell and deliver marijuana in North Carolina Superior Court for Iredell County. (Id., Doc. No. 5: Information Pursuant to Title 21 U.S.C. § 851). Petitioner made his initial appearance before a federal magistrate judge on December 19, 2005, during which the Court appointed Attorney Kevin Tate to represent

1

Petitioner. (Id., Doc. Entry dated 12/19/2005). Two days later, Petitioner was arraigned and pled not guilty. Petitioner's trial was initially scheduled for a trial term beginning January 9, 2006.

Prior to trial, Petitioner filed four motions to continue requesting additional time to prepare for trial, including motions on January 1, 2006, April 10, 2006, June 21, 2006, and October 11, 2006. (Id., Doc. Nos. 10; 30; 34; 43). This Court granted each of Petitioner's motions, finding that the ends of justice served by taking such action outweighed the interests of the public and the defendant in a speedy trial. (Id., Doc. Nos. 11; 32; 35; 50). The Court also continued Petitioner's trial twice on its own motions, concluding Petitioner's case was "joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted . . . and that failure to continue this matter would result in a miscarriage of justice." (Id., Doc. Nos. 23; 40: Order to Continue).

In its order granting the last motion to continue, this Court scheduled Petitioner's trial for the term set to begin January 16, 2007. (Id., Doc. No. 50). Petitioner was tried before a jury along with his codefendant Kendrick Blackwell beginning January 17, 2007. The evidence at trial showed that Petitioner participated in a large-scale, drug-trafficking organization led by Richard Eckles. Several of Petitioner's coconspirators, including Eckles, testified against Petitioner at trial and described his drug-dealing activities. At the conclusion of the Government's evidence and again at the end of the trial, Petitioner made a motion for judgment of acquittal, which this Court denied. On January 24, 2007, the jury returned a verdict of guilty. (Id., Doc. No. 78: Jury Verdict).

In the presentence report, the probation officer advised that, consistent with the Government's notice to seek enhanced penalties, Petitioner faced a mandatory minimum

sentence of twenty years in prison.  (Id., Doc. No. 104 at 15: PSR).  Based primarily on the evidence adduced at trial, the probation officer concluded that Petitioner was responsible for 2.6 kilograms of cocaine base and 24 kilograms of powder cocaine.  (Id. at 5).  Relying on the quantity of drugs reasonably foreseeable to Petitioner and applying a two-level enhancement for possession of a firearm during the course of the conspiracy, the probation officer calculated a total offense level of 38, which, when coupled with Petitioner's criminal history category V, yielded an advisory guidelines range of 360 months to life in prison.  (Id. at 5; 15).  This Court adopted the presentence report and sentenced Petitioner to 360 months in prison, the low end of the guidelines.  (Id., Doc. No. 117: Judgment).

Petitioner appealed his conviction and sentence, raising an issue related to jury selection and juror misconduct, challenging a pair of evidentiary rulings, and contending that there was insufficient evidence to support this Court's drug weight findings at sentencing.  On June 29, 2011, the Fourth Circuit issued an unpublished, per curiam opinion affirming Petitioner's conviction and sentence.  United States v. Blackwell, 436 Fed. App'x 192 (4th Cir. 2011).  Petitioner then filed a petition for a writ of certiorari with the Supreme Court, which petition the Court denied on January 17, 2012.  Parks v. United States, 132 S. Ct. 1093 (2012).

Petitioner placed his initial motion to vacate in the prison mail system, and it was stamp-filed in this Court on January 22, 2013.  Petitioner placed a motion to amend the motion to vacate in the prison mail system on February 12, 2013, and it was stamp-filed in this Court on February 15, 2013.  In an order dated February 20, 2012, this Court concluded that Petitioner filed the motion to amend outside of the § 2255 one-year statute of limitations period and ordered the Government, in addition to responding to Petitioner's claims in his initial timely motion, to present arguments as to the timeliness of the additional claims raised in Petitioner's

3

motion to amend.  (Doc. No. 5).  After receiving an extension of time, the Government filed its Response in opposition to the motion to vacate on May 28, 2013.  (Doc. No. 9).  Petitioner filed a Reply on July 10, 2013.  (Doc. No. 10).

In his initial motion to vacate, Petitioner brought the following claims: (1) counsel was ineffective for failing to file for dismissal of the indictment based on a violation of the Speedy Trial Act; (2) counsel was ineffective for failing to object to the introduction of the unredacted plea agreements of cooperating witnesses; (3) counsel was ineffective for failing to object to the notice of intent to seek enhanced penalties on the ground that the Government did not properly serve the notice; (4) counsel was ineffective on appeal for failing to include a claim in light of the Supreme Court's decision in Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010); (5) in light of the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), the Court erroneously applied a mandatory minimum sentence; and (6) Petitioner is entitled to a reduced sentence in light of the Supreme Court's decision in Kimbrough v. United States, 552 U.S. 85 (2007).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief.   After having considered the record, the Court finds that this matter can be resolved without an evidentiary hearing.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

**A. Petitioner's ineffective assistance of counsel claims raised in the initial motion to vacate**

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish deficient performance by counsel and, second, that the deficient performance prejudiced Petitioner. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

**1. Defense counsel's failure to move to dismiss Petitioner's indictment under the Speedy Trial Act**

Petitioner first contends that defense counsel was ineffective for failing to file a motion to dismiss Petitioner's indictment under the Speedy Trial Act. The Speedy Trial Act ("STA") requires that a defendant be brought to trial within seventy days of the filing of the indictment or his initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1). The STA sets forth a lengthy list of exclusions from the STA seventy-day requirement, including delay resulting from the filing of any pre-trial motion (§ 3161(h)(1)(D)), reasonable delay when the defendant is joined

for trial with a codefendant as to whom the seventy-days has not run (§ 3161(h)(6)), or any period of delay resulting from a continuance granted by a judge on its own motion, or upon motion of the defendant or the Government when the court sets forth orally or in writing its reasons for finding that the ends of justice served by granting the motion for continuance outweigh the interests of the public and the defendant in a speedy trial (§ 3161(h)(7)(A)). See also Zedner v. United States, 547 U.S. 489, 507 (2006).

If the STA is violated, the indictment "shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2). Although the court must dismiss the indictment, the court has wide discretion to dismiss the case with or without prejudice. In considering whether to dismiss the case with or without prejudice, the STA directs the court to consider, among other factors, "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." Id. Though not dispositive, "the presence or absence of prejudice to the defendant" is "relevant for a district court's consideration" along with the third factor. United States v. Taylor, 487 U.S. 326, 334, 341 (1988); see also United States v. Rushin, 642 F.3d 1299, 1304 (10th Cir. 2011) ("Absent a showing of appreciable prejudice to the defendant, a district court generally should dismiss serious charges without prejudice under § 3162(a)(2) unless the delay is extended and attributable to 'intentional dilatory conduct, or a pattern of neglect on the part of the Government.'") (quoting United States v. Saltzman, 984 F.2d 1087, 1093 (10th Cir. 1993)). A dismissal without prejudice allows the Government to seek a new indictment within six calendar months of the date of dismissal in the event the statute of limitations has run. 18 U.S.C. § 3288.

Here, Petitioner's claim fails, first, because he has not demonstrated that there was a violation of his rights under the STA. A review of the docket, motions to continue, and orders

6

granting motions to continue the trial date reveals that the lapse of time between Petitioner's initial appearance and the eventual trial of this matter was properly excluded under the STA.  In fact, Petitioner successfully moved to continue his trial date four times and, in granting those motions, this Court made the appropriate findings under the STA.  Thus, there was no violation of the STA.  Moreover, even if there were a STA violation, Petitioner's ineffective assistance of counsel claim would fail because a decision by counsel to forego filing a motion to dismiss the indictment would have been reasonable under the circumstances of this case.  See Rushin, 642 F.3d at 1308 ("[A] reasonable attorney in the sound exercise of his or her professional judgment arguably might have decided to forgo the filing of a motion to dismiss the indictment as largely ineffective, an imprudent use of limited resources, or even unwarranted gamesmanship."). Furthermore, the circumstances in this case would not have warranted dismissal with prejudice; thus, even assuming deficient performance by counsel, Petitioner could not establish prejudice.

**2. Defense counsel's failure to object to the introduction of unredacted plea agreements**

Petitioner next contends that defense counsel provided ineffective assistance by failing to object to the introduction of the unredacted plea agreements of three cooperating witnesses. Specifically, Petitioner complains that the plea agreements should have been redacted to remove any mention of polygraph examinations or "the Government's guarantee of their trustworthiness and the truth of their testimony." (Doc. No. 1-1 at 5).  Setting aside the merit of any such objection, Petitioner has failed to argue how introduction of the agreements rendered his trial fundamentally unfair or called the result into question.  To the contrary, a review of the trial transcript shows that defense counsel cross-examined each of the contested witnesses regarding their cooperation and the benefits of pleading guilty.  In sum, regardless of whether counsel's

7

performance was deficient, Petitioner fails to allege or show how he was prejudiced by counsel's failure to object to the introduction of the unredacted plea agreements of three cooperating witnesses.

### 3. Defense counsel's failure to object to the Government's alleged failure to give notice of its intent to seek enhanced penalties

Petitioner next contends that defense counsel was ineffective for failing to object to the Government's alleged failure to give notice of its intent to seek enhanced penalties under 21 U.S.C. § 851(a). Section 851(a) instructs that no person "shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial . . . the United States attorney files an information," identifying the convictions on which it intends to rely. 21 U.S.C. § 851(a). The Fourth Circuit has explained that the purpose of the § 851 notice requirement is to allow "the defendant an opportunity to challenge the use of the prior convictions and to prevent sentencing errors, as well as "to provide the repeat drug offender with full knowledge before trial of the consequences of a guilty verdict, thereby enabling him to make informed decisions regarding the entry of a plea or the planning of trial strategy." United States v. Beasley, 495 F.3d 142, 149 (4th Cir. 2007).

Petitioner claims that defense counsel was ineffective for failing to challenge the sufficiency of the service of the § 851 notice, which was electronically filed after Petitioner's arrest but before defense counsel was appointed. Fatal to his claim, Petitioner has not alleged that he or his counsel were unaware of the Government's notice of intent to seek enhanced penalties. In fact, the reasonable inference is that Petitioner and defense counsel were both aware of the § 851 notice, given that Petitioner made his initial appearance and was arraigned

after the notice was filed. As such, there is no evidence that the directives of § 851 were violated in this case or that the purpose of the notice provision was not served.

Nevertheless, even assuming counsel's performance in failing to object was deficient, Petitioner is unable to establish prejudice. While this Court no doubt concluded that the twenty-year mandatory-minimum sentence applied based on Petitioner's prior conviction for a prior felony drug offense, the Court did not actually sentence Petitioner according to that mandatory minimum. Instead, this Court sentenced Petitioner according to the higher guidelines range of 360 months to life. There is no indication that this Court was inclined to sentence Petitioner below the guidelines range or that it felt constrained from imposing a lower sentence by the twenty-year mandatory minimum. Because Petitioner was not sentenced according to the enhanced sentencing provision, he cannot show that the failure to object to the Government's notice of intention to seek that enhanced penalty resulted in prejudice. Thus, Petitioner's claim fails.

**4. Defense counsel's failure to assert a claim under <u>Carachuri-Rosendo</u>**

Petitioner next contends that counsel was ineffective for failing to assert a claim under <u>Carachuri-Rosendo</u>. The test for ineffective assistance of appellate counsel is the same as it is for trial counsel. Specifically, "[i]n order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate (1) that his counsel's representation fell below an objective standard of reasonableness in light of the prevailing professional norms, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Bell v. Jarvis</u>, 236 F.3d 149, 164 (4th Cir. 2000) (en banc) (internal quotations omitted) (citations omitted). Appellate counsel is entitled to a "presumption that he decided

9

which issues were most likely to afford relief on appeal." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993).

Petitioner claims that defense counsel was ineffective for not including a claim relying on the Supreme Court's 2010 decision in Carachuri-Rosendo in his direct appeal. In Carachuri-Rosendo, the Supreme Court considered the definition of aggravated felony for purposes of the Immigration and Nationality Act cancellation of removal provisions. 560 U.S. at 567. In August 2011, relying on the reasoning of Carachuri-Rosendo, the Fourth Circuit held in Simmons that an offense is punishable by more than one year in prison only if the defendant could have received a sentence of more than one year in prison, overturning its earlier decisions in United States v. Jones, 195 F.3d 205 (4th Cir. 1999), and United States v. Harp, 406 F.3d 242 (4th Cir. 2005), in which the court had held that an offense is punishable by more than one year in prison as long as any defendant could receive a term of imprisonment of more than one year upon conviction for that offense. See Simmons, 649 F.3d at 247. Petitioner contends that, in anticipation of this change, defense counsel should have included a claim under Carachuri-Rosendo in his direct appeal. Regardless of whether it was deficient performance for defense counsel to overlook such a claim, for the reasons discussed in the next section, Petitioner is not entitled to relief even after Simmons. Petitioner is therefore unable to show that defense counsel's failure to include a claim in light of Carachuri-Rosendo, the predecessor to Simmons, resulted in any prejudice.

**B. Petitioner's Simmons claim**

As discussed in the preceding section, in Simmons, the Fourth Circuit overturned its prior precedent and held that in order for a prior felony conviction to serve as a predicate offense under the mandatory-minimum provisions of the Controlled Substances Act, the individual defendant must have been convicted of an offense for which he could have received a sentence

10

of more than one year in prison. 649 F.3d at 242-43. Contrary to Petitioner's claim, he is not entitled to relief in light of Simmons. While this Court no doubt concluded that the twenty-year mandatory-minimum sentence applied based on Petitioner's conviction for a prior felony drug offense, the Court did not impose the enhanced sentence under the Controlled Substances Act. Instead, the Court sentenced Petitioner according to the low end of the higher guidelines range. Petitioner's guidelines range of 360 months to life imprisonment was calculated based on his base offense level and criminal history, not based on any statutory enhancement for prior felony convictions. There is no indication in the record that this Court was inclined to sentence Petitioner below the higher guidelines range or that it felt constrained from imposing a lower sentence by the twenty-year mandatory minimum. Accordingly, regardless of whether this Court erroneously applied the mandatory minimum by relying on a state court conviction that would no longer be considered a felony after Simmons, any such error had no impact on Petitioner's ultimate sentence because this Court ultimately sentenced Petitioner to the higher guidelines range. Petitioner is, therefore, not entitled to Simmons relief, as Petitioner has not shown that there was a miscarriage of justice resulting from any alleged Simmons error. See Whiteside v. United States, 748 F.3d 541 (4th Cir. 2014).

**C. Petitioner's contention that he is entitled to have his sentence lowered under the changes in the crack cocaine guidelines and Kimbrough**

In December 2007, the Supreme Court held in Kimbrough v. United States that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." 552 U.S. at 110. Subsequent to Kimbrough, the United States Sentencing Commission made several changes to the crack cocaine guidelines,

11

including reducing offenses involving crack cocaine an average of two levels in early 2008, see U.S.S.G. Amends. 706, 711, and later reducing the disparity between crack cocaine and powder cocaine in response to the Fair Sentencing Act of 2010, see U.S.S.G. Amend. 750. Petitioner claims that he is entitled to relief in light of Kimbrough because this Court somehow misunderstood its discretion to vary from the guidelines range based on the "crack/powder disparity." Petitioner's claim is without merit.

Prior to Petitioner's sentencing on February 18, 2009, the probation officer filed a supplemental presentence report advising that, given the quantity of drugs reasonably foreseeable to Petitioner, his offense level remained unchanged even after application of the revised guidelines. (Criminal Case No. 5:05-cr-257, Doc. No. 109: Supplement to the Presentence Report). At sentencing, this Court recognized its discretion, under Kimbrough, to depart from the guidelines range but declined, stating, "[T]he court is not inclined to exercise discretion beyond what it can surmise would be the calculation." (Id., Doc. No. 131 at 51: Transcript of Sentencing Hearing). As such, Petitioner's claim that this Court misunderstood its authority in light of Kimbrough is belied by the record.

Furthermore, this Court recently considered whether Petitioner was eligible for relief under the later changes to the guidelines in response to the Fair Sentencing Act. In another supplement to the presentence report, the probation officer determined that under a revised guidelines calculation based on the retroactive crack cocaine amendments, Petitioner still qualified for a total offense level of 38 and that his guidelines range remained unchanged. (Id., Doc No. 151: Second Supplement). In light of that determination, this Court entered an order on September 26, 2012, denying Petitioner's motion for a sentence reduction. (Id., Doc. No. 152). In short, Petitioner is unable to show that he was sentenced in violation of Kimbrough, where the

12

record shows that this Court understood its discretion and declined to exercise it, and where Petitioner's guidelines range has remained unchanged after the amendments to the guidelines.

**D. Petitioner's claims of ineffective assistance of counsel raised in the motion to amend**

In his motion to amend the motion to vacate, Petitioner alleged new claims of ineffective assistance of counsel, including (1) that defense counsel was ineffective for failing to explain the risks of proceeding to trial and for not discussing any proposed plea agreement; (2) that defense counsel was ineffective for failing to properly argue that Petitioner was denied a fair and impartial trial after the Court was apprised of misconduct involving the jury rendering a verdict; (3) that defense counsel was ineffective for failing to challenge the sufficiency of the evidence against Petitioner at trial; (4) that defense counsel was ineffective for failing to argue that the indictment was constructively amended because there was insufficient evidence to support a verdict of fifty grams or more of cocaine base; (5) that defense counsel was ineffective during sentencing for failing to argue that the quantities of cocaine attributed to Petitioner were unreliable; (6) that defense counsel was ineffective for failing to argue on appeal the denial of Petitioner's motion for mistrial based on jury tampering; and (7) that defense counsel was ineffective on appeal for failing to argue that Petitioner did not receive a fair trial based on the Government lawyer's comments that the Petitioner was being held in a holding cell.

Whether a petitioner may amend his § 2255 pleading is governed by Rule 15 of the Federal Rules of Civil Procedure. See United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). Rule 15(a) provides that a party may amend its pleading once as a matter of course within twenty-one days or within twenty-one days after service of a responsive pleading. FED. R. CIV. P. 15(a)(1). Where a petitioner seeks to amend his motion in order to add a claim that is

otherwise time-barred by the applicable statute of limitations, however, Rule 15(c)(1) requires that the amended claim "relate[] back to the date of the original pleading." FED. R. CIV. P. 15(c)(1); see also Pittman, 209 F.3d at 317. Rule 15(c)(1)(B) provides that an amendment relates back when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading." FED. R. CIV. P. 15(c)(1)(B). As the Supreme Court made clear in Mayle v. Felix, 545 U.S. 644 (2005), in the context of a habeas motion, "conduct, transaction, or occurrence" does not mean the same "trial, conviction, or sentence," such that any claim that relates to the prior conviction or sentence challenged in a habeas motion is considered timely, no matter how long after the original motion it is filed. Id. at 664. Rather, a proposed amendment relates back to the date of the original motion if it "state[s] claims that are tied to a common core of operative facts." Id. With respect to claims of ineffective assistance of counsel, a new claim of ineffective assistance of counsel does not relate back to an earlier asserted claim of ineffective assistance of counsel if the "new claim asserts 'a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.'" United States v. Gonzalez, 592 F.3d 675, 680 (5th Cir. 2009) (quoting Mayle, 545 U.S. at 650). Applying these principles, the Fourth Circuit has explained as follows:

> The fact that amended claims arise from the same trial and sentencing proceeding as the original motion does not mean that the amended claims relate back for purposes of Rule 15(c). If we were to craft such a rule, it would mean that amendments to a § 2255 motion would almost invariably be allowed even after the statute of limitations had expired, because most § 2255 claims arise from a criminal defendant's underlying conviction and sentence. Such a broad view of "relation back" would undermine the limitations period set by Congress.

Pittman, 209 F.3d at 318.

As this Court recognized in its order dated February 20, 2013, the typical one-year statute of limitations for § 2255 petitions also applies to any supplemental claims raised after a

14

petitioner files an initial motion to vacate. Here, Petitioner's judgment became final on January 17, 2013, one year after the Supreme Court denied his petition for a writ of certiorari. Petitioner's motion to amend is, therefore, untimely unless the claims raised therein relate back to his timely filed initial motion.

**1. Petitioner's claim related to defense counsel's failure to advise regarding the risks of going to trial**

In the motion to amend, Petitioner first claims that defense counsel failed to explain the risks of proceeding to trial versus pleading guilty and never discussed any proposed plea agreement. Petitioner's claim relates to defense counsel's pretrial advice, a stage of the proceedings that Petitioner did not address in his initial motion. Although Petitioner challenged defense counsel's failure to move to dismiss the indictment in the initial motion, none of his claims relate to defense counsel's pretrial advice regarding the cost-benefit analysis of proceeding to trial. Accordingly, Petitioner's claim does not relate back and is barred by the one-year statute of limitations.

**2. Petitioner's claim of juror misconduct**

Petitioner next claims that defense counsel should have argued that Petitioner did not receive a fair trial after the Court was apprised of misconduct involving the jury rendering its verdict. None of the claims raised in Petitioner's initial motion related to juror misconduct, however, or any other actions by members of the jury. Accordingly, the facts necessary to prove Petitioner's claim in his motion to amend do not derive from the same common core of operative facts relied on in his initial motion. In sum, this claim does not relate back and is barred by the one-year statute of limitations.

Furthermore, as Respondent notes, Petitioner already raised an unsuccessful claim related to juror misconduct in his direct appeal. Claims that have been addressed and rejected on direct appeal cannot be relitigated in the form of a § 2255 motion. See United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004). Accordingly, to the extent Petitioner's claim overlaps with an issue already raised on direct appeal, it is dismissed for this alternative reason as well.

**3. Petitioner's claim related to the sufficiency of the evidence**

Petitioner next claims that defense counsel was ineffective for failing to "demonstrate to [the] jury that the entire case against Petitioner was based on allegations made by Richard Eckles, a major drug-king pin who was rewarded for his testimony by the government to reduce Eckles' own sentence in exchange for his testimony." (Doc. No. 4 at 2). In his initial motion, Petitioner's sole claim of error at trial related to the introduction of the unredacted plea agreements of cooperating witnesses. Such a claim is far narrower than the broad assertion that Petitioner makes in his motion to amend. Because Petitioner's claim in his motion to amend is so much broader, it does not derive from the same set of operative facts as the claim in his initial motion and it is therefore dismissed.

Regardless of whether Petitioner's claim relates back, however, it is nevertheless not supported by the record. A review of the trial transcript shows that defense counsel thoroughly cross-examined Eckles regarding his cooperation with the Government and his hope for a reduced sentence. (Crim. No. 5:05-cr-257, Doc. No. 81 at 124-27: Trial Tr.). For example, defense counsel asked, "The reason you're sitting here today, Mr. Eckles, is because you are facing life in prison . . . . because you're hoping to get your sentence reduced, is that right?" (Id. at 124). Because the record shows that defense counsel thoroughly addressed the very issue

about which Petitioner complains, Petitioner is unable to show deficient performance and his claim also fails on the merits.

**4. Petitioner's claim regarding constructive amendment of the indictment**

Petitioner next claims that defense counsel was ineffective for failing to argue "that the indictment was constructively amended because there was insufficient evidence to support a verdict of 50 grams or more of cocaine." (Doc. No. 4 at 2). The challenge to the indictment listed by Petitioner in his motion to amend is different from the Speedy Trial Act claim raised in his initial motion. The claim in the motion to amend relates to proof of drug weight, whereas the claim in the initial motion related to pretrial continuances. Accordingly, although both claims nominally involve failures to challenge the indictment, the facts necessary to prove each claim are very different. Thus, this claim does not relate back and it is, therefore, time-barred.

**5. Petitioner's claim that defense counsel erred at sentencing by failing to properly contest the drug weights**

Petitioner next claims that defense counsel failed to "properly argue at sentencing that the quantities of cocaine and cocaine base being attributed to Petitioner . . . were not properly determined and are based on unreliable quantities reported by cooperators." (Doc. No. 4 at 2). In his initial motion to vacate, Petitioner did not include any claim related to this Court's findings regarding the quantity of reasonably foreseeable drugs or to the calculation of Petitioner's base offense level. As such, the facts necessary to prove the claim in his motion to amend differ from those involved in his initial motion to vacate. Thus, this claim does not relate back and it is, therefore, time-barred.

Furthermore, as Respondent notes, Petitioner unsuccessfully challenged this Court's drug weight findings in his direct appeal and cannot use this § 2255 proceeding to relitigate that issue.

Accordingly, Petitioner's claim is subject to dismissal on this alternative ground. Even if not subject to dismissal, Petitioner's claim is nevertheless belied by the record. Contrary to Petitioner's assertion, defense counsel objected to the drug weight calculation prior to sentencing, but this Court overruled the objection. (Crim. No. 5:05-cr-257, Doc. No. 104 at 19: PSR). For these reasons, Petitioner's claim is dismissed.

### 6. Petitioner's claim related to jury tampering

Petitioner claims that defense counsel was ineffective for failing to argue on appeal that this Court erred in denying his motion for a mistrial based on jury tampering. Although Petitioner makes no effort to set forth the facts necessary to support such a claim in his motion to amend, it is clear that the claims in his initial motion to vacate did not involve facts regarding jury tampering. Accordingly, the facts necessary to prove this claim differ in both time and type from those relied on in the initial motion. Thus, this claim does not relate back and it is, therefore, time-barred.

### 7. Petitioner's claim related to the Government's allegedly inappropriate comments

Finally, Petitioner claims that defense counsel was ineffective for failing to argue on appeal that he should have received a mistrial in light of the Government's comments during trial that Petitioner and his codefendant had been held in a holding cell. Again, the only trial-related claim raised by Petitioner in his initial motion involved the introduction of unredacted plea agreements. The facts necessary to prove that claim are completely unrelated to this one. Therefore, Petitioner's claim does not relate back and it is, therefore, time-barred.

In sum, because the litany of new claims Petitioner raises in his motion to amend do not properly relate back to his timely filed initial motion, the Court finds that these claims are time-barred.

## IV. CONCLUSION

In sum, for the reasons stated herein, Petitioner's Section § 2255 motion to vacate is denied.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED**, and the § 2255 petition is **DISMISSED**.

2. The Government's Motion for Extension of Time, (Doc. No. 8), is **GRANTED** nunc pro tunc.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability, as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: August 26, 2014

Richard L. Voorhees
United States District Judge