IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:05-CR-00257-RLV-DCK-2

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| DERRICK RAYSHAWN PARKS | ) | |
| | ) | |

THIS CAUSE comes before the Court on Defendant's letter filed February 8, 2017, (Doc. 179), which the Court treats as a motion, seeking relief from original sentence of 360 months, imposed by virtue of conviction of Count One, charging a cocaine and cocaine base conspiracy, pursuant to trial and jury verdict. (Judgment filed February 25, 2009, Doc. 117). The sentence was subsequently reduced to 292 months on December 8, 2015, per motion under Amendment 762 to the sentencing guidelines. (Doc. 171).

Defendant is appearing pro se. He notes his belief that he has "…exhausted all appellate remedies available under law, but to no avail." (Motion, page 1.) Indeed, it appears that his various motions for relief to date have been denied at the District and Circuit levels as lacking in merit. For example, he was not entitled to Simmons relief because his sentence was based on a guideline range higher that the twenty year level otherwise invoked by the Section 851 notice. (Doc. 156 at 10-11).

The Defendant has called to this Court's attention the cases of a defendant named Tom Aaron Tate and another named Holloway, which were apparently discussed in an article called "Statutory Analysis; Avoiding the 851 enhancement", as examples of situations where the presiding judges exercised raw judicial authority to assist defendants otherwise facing longer sentences (Doc. 179, pp. 2 and 8). But, as noted above, this Defendant's sentence did not hew to or below Section 851's twenty year level.

Defendant understandably laments his co-defendant Blackwell received a partial commutation of sentence through a clemency program run by the Department of Justice but despairs he might not receive a similar benefit. This Court itself cannot, of course, compare the two cases beyond sheer speculation. In any event, such program is within the purview of the executive branch of the federal government rather than this Court's judicial branch.

Defendant has couched his motion in terms of appeal to the Court's asserted inherent power to exercise leniency sua sponte in the interest of compassion, mercy, good will and equitable authority.

Here, Defendant has recited the hardships of incarceration related to such concerns as deprivation or impairment of family relationships and the inability to participate fully in family life, as law abiding and free persons might. He recognizes that these adverse effects are the result of his own criminal conduct and shows appropriate remorse. Through his eleven page letter he has made indication of post sentence rehabilitation, such as showing his support to and from remaining family, participation in numerous work skill programs, spiritual renewal, a desire to help others, particularly youth, stay out of trouble, and successful completion of GED requirements.

Although Defendant has stated a case for such compassionate considerations, he has not cited to actual authority by which the Court may exercise its judicial power in relief of his sentence. The Court's authority to reduce a sentence except under explicit prescribed conditions is constrained and circumscribed by law. For example, Rule 35 of the Rules of Criminal Procedure sets out specific circumstances (not now presented in the instant case) potentially justifying a sentence reduction for substantial assistance to the Government.

For the foregoing reasons, the Court will and does hereby DENY AND DISMISS the Defendant's letter, insofar as it may be considered a Motion in this cause.

Signed: May 21, 2018

Richard L. Voorhees
United States District Judge