IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:05-CR-00257-KDB-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| DERRICK RAYSHAWN PARKS, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant Derrick Rayshawn Parks's motions to reduce his sentence pursuant to the First Step Act of 2018. (Doc. Nos. 187, 193). Having carefully reviewed the motions, the parties' briefs and exhibits, and all other relevant portions of the record, the Court will deny Parks's motion because the range advised by the Sentencing Guidelines remains the same today as the guideline range that applied when Parks was sentenced and the sentencing considerations described in 18 U.S.C. § 3553(a) do not warrant a reduction below the advised guidelines range.

## I. BACKGROUND

In January 2007, a jury convicted Parks and his co-defendant, Tremayne Kendrick Blackwell, of one count of conspiracy to possess with intent to distribute 50 grams or more of crack cocaine and 5 kilograms or more of cocaine powder. (Doc. No. 78). Prior to trial, the Government submitted an information under 21 U.S.C. § 851 notifying Parks and the Court that it intended to seek an enhanced penalty based on Parks's prior conviction for a felony drug offense. (Doc. No. 5). The United States Probation Office (USPO) submitted a presentence report (PSR) and calculated a base offense level of 36 based on Parks's responsibility for 2.6 kilograms of crack

1

cocaine. The probation officer increased his base offense two levels because Parks possessed a firearm during the course of his participation in the drug conspiracy. Based on a total offense level of 38 and a criminal-history category of V, the resulting guidelines range recommended by USPO was 360 months to life in prison. Parks also faced a statutory mandatory-minimum term of 240 months in prison for his drug-trafficking offense.

On February 18, 2009, this Court sentenced Parks to 360 months in prison, a sentence at the bottom of the range advised by the guidelines. In December 2015, this Court reduced Parks's sentence to 292 months in prison, the bottom of the advised guidelines range after taking into account retroactive Amendment 782 to the Sentencing Guidelines. Parks now asks this Court to further reduce his sentence to time served under Section 404 of the First Step Act of 2018.

## II. LEGAL STANDARD

A district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). This prohibition, however, comes with a few exceptions. Among them, a district court may modify a term of imprisonment when it is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B).

The First Step Act of 2018 expressly permits sentencing modifications. § 404, 132 Stat. at 5222. As relevant here, the First Step Act makes retroactive certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). The Fair Sentencing Act "reduces the statutory penalties for cocaine base offenses" to "alleviate the severe sentencing disparity between crack and powder cocaine." *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016). Section 2 of the Fair Sentencing Act modified the drug quantities required to trigger mandatory minimum sentences for cocaine base (often referred to as crack cocaine) trafficking offenses; it increased the amount required to trigger the five-year mandatory minimum from 5

2

grams to 28 grams and increased the amount required to trigger the ten-year mandatory minimum from 50 grams to 280 grams. *See United States v. Wirsing*, 943 F.3d 175, 179 (4th Cir. 2019) (citing Fair Sentencing Act, § 2, 124 Stat. at 2372). Section 3 eliminated the five-year mandatory minimum for simple possession of crack cocaine. *Id.* (citing Fair Sentencing Act, § 3, 124 Stat. at 2372).

The relevant provisions of the First Step Act apply to "a covered offense," which means "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." § 404(a), 132 Stat. at 5222. The First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." § 404, 132 Stat. at 5222. "Even if a defendant is eligible for a sentence reduction, however, the decision whether to grant a reduction is entrusted to the district court's discretion." *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020) (citing § 404(c), 132 Stat. at 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.")). When exercising its discretion, a district court considers the factors set forth in Section 3553(a). *See* 18 U.S.C. § 3553(a).

### III. DISCUSSION

When a defendant seeks a reduced sentence under Section 404 of the First Step Act, this Court's review proceeds in two steps. First, the Court must determine whether the defendant was sentenced for a "covered offense" as defined by the Act, and is, therefore, eligible for a sentence reduction. Here, the parties agree that Parks is eligible for a reduction under the First Step Act. (Doc. Nos. 193, at 4-6; 194, at 5) (citing *United States v. Gravatt*, 953 F.3d 258 (4th Cir. 2020)).

3

Second, even if a defendant is eligible, the Court exercises its discretion to determine whether a reduced sentence is appropriate. In doing so, the Court considers the Section 3553(a) factors, including the now-applicable guidelines range and any mitigating evidence arising from the defendant's post-sentencing rehabilitation. *See United States v. Martin*, 916 F.3d 389 (4th Cir. 2019). District courts are given broad discretion in deciding whether to grant a sentence reduction under Section 404 of the First Step Act. *See Jackson*, 952 F.3d at 495.

In support of his request, Parks argues that a balancing of the Section 3553(a) factors warrants a reduction in his sentence to time served. Parks lists six reasons why the factors counsel in favor of such a reduction. First, Parks contends that it is unlikely that he would receive the same sentence today as he did in 2009. Parks cites to the United States Sentencing Commission's Quarterly Data Report for the fiscal year 2019 that shows only 34% of drug trafficking offenders received a sentence within the guidelines range. "Of offenders receiving downward departures for reasons other than substantial assistance," Parks writes, "the mean decrease in months from the guideline range was 40 months, and the mean decrease for downward variances was 36 months. Accordingly, at a minimum, a similarly situated offender today would receive a 40 month decrease." (Doc. No. 193, at 7-8). Nonetheless, Parks argues that the Section 3553(a) factors warrant a reduction beyond 40 months "in light of [his] extraordinary rehabilitation, robust support network, and the disparities between his case and his co-defendant, Mr. Blackwell." *Id.* at 8.

Second, Parks claims he has demonstrated remarkable rehabilitation while incarcerated. He has received only one disciplinary infraction (unauthorized use of Tylenol in 2015) in his nearly 15 years of incarceration. (Doc. Nos. 189, at 2; 193-3). Parks completed drug education in 2010, earned his GED in 2011, and has completed over 950 hours of training in construction, welding, and automotive tech—among a variety of other coursework. Additionally, Parks contends that he

4

has maintained positive contacts in the community while incarcerated, as demonstrated by the level of support and numerous signatures he obtained when he filed for compassionate release in May of this year.

Third, Parks argues that his robust support network upon release counsels in favor of a time served sentence. Parks claims to have numerous family and friends who will support him upon release and includes letters from many of his family and friends supporting his release in his motion.

Fourth, Parks insists that a sentence to time served is warranted to avoid unwanted sentencing disparities between him and his co-defendant. Like Parks, Blackwell was found guilty by a jury and sentenced to 30 or more years in prison. In 2016, the President commuted Blackwell's sentence to 180 months. As a result of the President's grant of clemency, Blackwell was released from prison on January 29, 2019. Parks is projected to be released in 2026—which is 7 years after Blackwell's release.

Fifth, Parks purports that a reduction to time served adequately reflects the seriousness of his offense. He argues that while he received a two-point firearm enhancement, the PSR does not indicate that he used a firearm, threatened to use a firearm, or even brandished a firearm at any point during the conspiracy.

Sixth, Parks contends that a sentence of time served provides just punishment, promotes respect for the law, and affords adequate deterrence. If Parks receives a reduction to time served, he will have spent 15 years incarcerated followed by a 10-year period of supervised release. In Parks's view, this "is sufficient to ensure respect for the law, deterrence of future crime, and just punishment." (Doc. No. 193).

5

Case 5:05-cr-00257-KDB-DCK   Document 196   Filed 11/20/20   Page 5 of 8

The Government, on the other hand, argues that this Court should not exercise its discretion to reduce Parks's sentence because the range advised by the Sentencing Guidelines has not changed.[1] Additionally, the nature and circumstances of Parks's offense, his history and characteristics, the need for deterrence, and the need to protect the public all weigh in favor of a sentence within the guidelines range. Parks was responsible for distributing a large amount of both powder and crack cocaine and was part of a drug-trafficking conspiracy that saturated the small communities of Iredell County with deadly narcotics. Parks also carried a firearm during the conspiracy and at the time he committed his offense, Parks had two prior convictions for assault on a government official and a drug-trafficking related offense. Furthermore, the Government asserts that the Court should reject Parks's argument that a reduction is warranted to prevent unwarranted sentencing disparities. A sentence within the guidelines range, the Government contends, "places [Parks] in the heartland of similarly situated defendants." (Doc. No. 194, 5-6). And, while Parks may have performed relatively well during his time in the BOP and has community support, those considerations do not outweigh the seriousness of his offense conduct or the other Section 3553(a) sentencing factors that counsel against a reduction.

The Court agrees with the Government. Even if he were sentenced today, the range advised by the guidelines for Parks's offense remains 292 months to 365 months. (Doc. No. 189, at 2). His current sentence of 292 months is at the bottom of that range. In no event do the Section 3553(a) factors warrant a variance below the advised guidelines range. The nature and circumstances of Parks's offense, his prior convictions, as well as the need to protect the public, afford adequate

---

[1] Parks was convicted of a multi-object conspiracy wherein the penalties of one object (crack cocaine) were modified by the Fair Sentencing Act, while the penalties of the other (powder cocaine) were not reduced. In this case, regardless of which object (crack cocaine or powder cocaine) is considered for the purpose of statutory penalties, there is no change in the guidelines range. (Doc. No. 189, at 2).

deterrence, and promote respect for the law counsel in favor of a sentence within the guidelines range. Contrary to Parks's argument, this sentence does not create unwarranted sentencing disparities. One of the goals of the Sentencing Guidelines is to avoid national sentencing disparities amongst similar offenders with similar criminal conduct. *See, e.g.*, *United States v. Johnson*, 445 F.3d 339, 343 (4th Cir. 2006). Thus, the best way to avoid unwarranted sentencing disparities is for the district court to impose a sentence within the guidelines range.[2] Parks's receipt of a sentence within the guidelines range is best evidence that Parks received a similar sentence as defendants with similar records who have been found guilty of similar conduct. While Parks's co-defendant received a grant of clemency by the President, the Court lacks the information necessary to determine that the factors relevant to the President's decision would also be relevant in this case. Moreover, "'co-defendants have no enforceable right to have sentences that are precisely congruent with one another.'" *United States v. Clark*, 774 F. App'x 783, 787 (4th Cir. May 28, 2019) (quoting *United States v. Quinn*, 359 F.3d 666, 682 (4th Cir. 2004)). Finally, while Parks's rehabilitation efforts and support network are laudable, they are not so extraordinary as to warrant a sentence below the bottom of the range advised by the guidelines.

---

[2] While Parks points to the United States Sentencing Commission's Quarterly Data Report to show that only 34% of drug trafficking offenders received a sentence within the guidelines range, the Court is provided with no information as to why the district courts that chose to vary downward did so in their particular cases. Unlike Parks, those defendants may have had no criminal history, carried no firearm, or played only a minor role in the offense conduct. An individualized look at Parks's characteristics and the facts of this case do not counsel in favor of a sentence below the bottom of the advised guidelines range.

## IV. ORDER

**IT IS THEREFORE ORDERED** that Defendant's motions to reduce his sentence pursuant to the First Step Act of 2018, (Doc. Nos. 187, 193), are **DENIED.**

Signed: November 19, 2020

Kenneth D. Bell
United States District Judge